UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MERCADO-GUILLEN,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MCALEENAN, et al.,<br><br>Defendants.[1] | Case No. 18-cv-00727-HSG<br><br>**ORDER DENYING MOTION FOR ISSUANCE OF U VISA CERTIFICATION**<br><br>Re: Dkt. No. 27 |

Pending before the Court is the motion for issuance of U visa certification, filed by Petitioner Ricardo Mercado-Guillen. Dkt. No. 27 ("Mot."). For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

On April 19, 2018, the Court issued a writ of habeas corpus, finding that Petitioner, then in the custody of U.S. Immigration and Customs Enforcement ("ICE"), was entitled to a bond hearing before an immigration judge to determine if his continued detention was warranted. Dkt. No. 23 ("April 19 Order"). Prior to the Court's order, Petitioner had been held pursuant to DHS's discretionary authority under 8 U.S.C. § 1231(a)(6). *See id.* at 3. The Court found that binding Ninth Circuit precedent required Petitioner to be provided with a bond hearing before an immigration judge at least every six months when removal is not imminent. *Id.* at 5–6 (citing *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) ("*Diouf II*")). The government appealed the April 19 Order, and the appeal is currently stayed. Dkt. Nos. 25, 38. Petitioner now moves this Court to find, based on the same facts underlying his original habeas petition, that his detention

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes the following Respondents: Kevin McAleenan, current Acting Secretary of Homeland Security, for Kirstjen Nielsen; and William Barr, current United States Attorney General, for Jefferson B. Sessions.

constituted a federal crime in violation of 18 U.S.C. § 242, and to issue a U visa certification on that basis. Dkt. No. 27 at 14–23.

## II. LEGAL STANDARD

The U visa classification, codified in 8 U.S.C. § 1101(a)(15)(U), grants temporary immigration status for victims of certain crimes who are likely to aid in the investigation of those crimes. To qualify for a U visa, an applicant must demonstrate that he: (1) "has suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity"; (2) "possesses credible and reliable information establishing that he or she has knowledge of the details concerning the qualifying criminal activity upon which his or her petition is based"; and (3) "has been helpful, is being helpful, or is likely to be helpful to a certifying agency in the investigation or prosecution of the qualifying criminal activity upon which his or her petition is based." 8 C.F.R. § 214.14(b). In addition, the applicant must also demonstrate that "[t]he qualifying criminal activity occurred in the United States." *Id*. Qualifying criminal activity covered under the statute includes the following crimes, or "any similar activity":

> rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; stalking; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; fraud in foreign labor contracting (as defined in section 1351 of Title 18); or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes.

8 U.S.C. § 1101(a)(15)(U)(iii).

The United States Citizenship and Immigration and Services ("USCIS") has sole jurisdiction over all U visa petitions. 8 C.F.R. § 214.14(c)(1). Before an applicant can apply for a U visa, an applicant must first obtain "a certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity described in § 1101(a)(15)(U)(iii)." 8 U.S.C. § 1184(p)(1). The certification must state that the applicant "'has been helpful, is being helpful, or is likely to be helpful' in the investigation or prosecution of [the] criminal activity." *Id*. "Investigation or prosecution refers to the detection or investigation of a qualifying crime or criminal activity, as well as to the

2

prosecution, conviction, or sentencing of the perpetrator of the qualifying crime or criminal activity." 8 C.F.R. § 214.14(a)(5). Circuit courts that have addressed this issue have held that the decision of whether to issue a U visa certification is discretionary. *See, e.g.*, *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226–27 (5th Cir. 2010) ("We think the language of § 1184(p) makes it abundantly clear that the decision to issue a [ ] certification is a discretionary one."); *Trevino v. Benton Cty., Ark.*, 578 F. App'x 626, 627 (8th Cir. 2014) (same).

## III. DISCUSSION

Petitioner alleges that because the Court, in its April 19 Order, held that he was entitled to a bond hearing under *Diouf II*, the Court should now certify that Petitioner was a "victim of the federal crime of deprivation of rights under color of law in violation of 18 U.S.C. § 242." Mot. at 4. Because the government has appealed the Court's April 19 Order, the Court must first consider whether it has jurisdiction to reach the merits of the issues presented.

### A. The Court Does Not Have Jurisdiction

Generally, the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The purpose of the "divestiture rule" is "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). "Given this purpose, it has been suggested that 'the rule should not be employed to defeat its purpose or to induce needless paper shuffling.'" *Id.* (citation omitted).

The Ninth Circuit has characterized the "divestiture rule" as a "mandatory claim-processing rule," rather than a strict jurisdictional rule, and has found that it is subject to certain exceptions. *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018) (divestiture rule "may be applied in a 'less stern' manner than true jurisdictional rules") (citation omitted). One such exception is that a district court may proceed "in appropriate cases by certifying that an appeal is frivolous or waived." *Id.* Additionally, a district court may retain jurisdiction: (1) "to correct clerical errors or clarify its judgment pursuant to Fed. R. Civ. P. 60(a)"; (2) "when it has a duty to supervise the status quo during the pendency of an appeal"; (3)

3

"in aid of execution of a judgment that has not been superseded"; or (4) pursuant to statutory authority. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). The exceptions stated are consistent with the purpose of the divestiture rule, as they would not require the district court to decide the same issues before the appeals court. *See Stein*, 127 F.3d at 1189–90.

Here, the issues to be decided in the present motion clearly involve aspects of the case that are the subject of the pending appeal. *See Griggs*, 459 U.S. at 58. Petitioner's entire theory of eligibility for a U visa certification relies on the Court's finding that Petitioner's detention without a bond hearing was unlawful under *Diouf II*. Mot. at 4; *see* April 19 Order at 4–7. Petitioner seeks to have the Court certify, based on the Court's holding, that Petitioner's detention constituted a qualifying crime under 8 U.S.C. § 1101 (a)(15)(U)(iii). Mot. at 4. But if the Court were to issue the U visa certification based on the April 19 Order now on appeal, and the Ninth Circuit were then to vacate that order, the two results would be irreconcilable. Petitioner's argument regarding the nature of his detention "affect[s] the matters involved in the appeal itself," and the Court therefore lacks jurisdiction to grant the requested relief. *See id*. at 1189.

Petitioner does not dispute that the merits of the present motion involve issues that are currently on appeal, but instead contends that the Court should retain jurisdiction because of the "status quo" exception. Dkt. No. 32 ("Reply") at 4–5. Petitioner mischaracterizes the nature of the status quo exception. The status quo exception generally applies to cases "where the court supervises a continuing course of conduct" or where "new facts develop" that require "additional supervisory action by the court." *Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 888, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 536 F.2d 1268, 1276 (9th Cir. 1976). According to Petitioner, the Court's issuance of a U visa certification would preserve the status quo "by ensuring that the victim remains within the jurisdiction of a United States court that can compel the victim's presence at future proceedings, should they be needed." Reply at 6. But the Court fails to see how this would affect the *current* case proceeding before the Court, as any "future proceedings" would occur in an entirely separate (and, as of now, hypothetical) action. Rather, if the Court were to address Petitioner's present motion, it would alter the status quo as of the time the appeal was filed, and would "materially

4

alter the status of the case on appeal." *See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1167 (9th Cir. 2001).[2] Accordingly, the Court finds that it does not have jurisdiction to address the merits of the present motion.

### B. Petitioner Fails to Meet the Requirements for U Visa Certification

Although the Court need not reach the merits of the present motion, even if the Court were to find that it has jurisdiction, it would reject Petitioner's novel theory and would not issue the requested U visa certification. There is no pending investigation or prosecution of the alleged qualifying crimes, and Petitioner thus fails to show how a U visa certification in this case would effectuate the purpose of the statute. *See Baiju v. U.S. Dep't of Labor*, No. 12-CV-5610 KAM, 2014 WL 349295, at *20–21 (E.D.N.Y. Jan. 31, 2014).

The Court notes that there is sparse binding legal authority that addresses whether and when it is appropriate for a court to grant a U visa certification when the court's only role has been to oversee a civil proceeding brought by an applicant. The majority of district courts that have addressed this issue declined to grant U visa certification, in large part because there was no pending investigation or prosecution of the alleged qualifying criminal activity. *See, e.g.*, *Nsinano v. Sessions*, 236 F. Supp. 3d 1133, 1139 (C.D. Cal. 2017) ("the record does not reveal whether there has been an investigation or prosecution of the alleged criminal violation at issue here"); *Aguirre-Palacios v. Doe No. 1*, No. 13CV3103 LAB BLM, 2014 WL 584265, at *5 (S.D. Cal. Feb. 11, 2014) (denying motion for U visa certification on basis that the court's jurisdiction does not extend "so far as to confer further jurisdiction over questions of Plaintiff's eligibility for U-Visa"); *Romero-Hernandez v. District of Columbia*, 141 F. Supp. 3d 29, 33(D.D.C. 2015) ("[T]here is no existing investigation or prosecution related to the Incident, nor is there any evidence indicating that any such investigation or prosecution will take place in the future, and no [ ] officers have been charged with any crime or infraction arising out of the Incident."); *Herrera*

---

[2] Petitioner also contends that the present motion is not subject to the divestiture rule based on the language of the U visa classification statute, 8 U.S.C. § 1101(a)(15)(U)(i)(III), and the provision prohibiting restriction of communication about an individual's immigration status to the Immigration and Naturalization Services, 8 U.S.C. § 1373(a). Reply at 6–8. These statutes are inapposite, and Petitioner fails to coherently articulate how they have any application to the question of the Court's jurisdiction.

5

*Lopez v. Walker,* No. 3:18-CV-170, 2019 WL 937311, at *2 (E.D. Tenn. Feb. 26, 2019) ("The Court is not presiding over a criminal prosecution of Defendant, and there is no indication in the record that such an investigation or prosecution is ongoing."); *Baiju*, No. 12-CV-5610 KAM, 2014 WL 349295, at *20 ("[T]here is no evidence of any possible pending investigation or prosecution of the qualifying crimes that petitioner alleges"); *Agaton v. Hosp. & Catering Servs., Inc.*, No. CIV.A. 11-1716, 2013 WL 1282454, at *4 (W.D. La. Mar. 28, 2013) ("[T]his Court may not certify a U–Visa application when this judge has no responsibilities or even knowledge regarding any possible pending investigation or prosecution of the qualifying criminal activity."); *In re Certification Form for U Visa for Movant Nunez-Ramirez*, No. MISC.A. M-13-746, 2013 WL 6273961, at *5, 10 (S.D. Tex. Dec. 3, 2013) (denying U visa certification because it was unclear whether movant was victim of qualified criminal activity and whether movant was "helpful"); *United States v. Biao*, No. 98CR2812-BTM, 2011 WL 607087, at *1 (S.D. Cal. Feb. 11, 2011) (movants do not qualify as victims of qualifying criminal activity).

To the Court's knowledge, only two courts have granted certification on the basis that movants made a "*prima facie* showing" that they were victims of a qualifying crime. *See Villegas v. Metro. Gov't of Nashville*, 907 F. Supp. 2d 907, 912 (M.D. Tenn. 2012) (plaintiff made a prima facie showing that she was a victim of a qualifying crime, based on the court's previous findings that defendant's shackling of plaintiff during labor violated her Fourteenth Amendment rights); *Garcia v. Audubon Communities Mgmt., LLC*, No. CIV.A. 08-1291, 2008 WL 1774584, at *2 (E.D. La. Apr. 15, 2008) (plaintiffs made a prima facie showing of involuntary servitude). However, the Court finds the reasoning of those district courts that have denied U visa certification to be persuasive, and thus would deny Petitioner's motion even if it had jurisdiction to grant the requested relief, because there is no pending investigation or prosecution of qualifying criminal activity.[3]

---

[3] Petitioner relies heavily on *Villegas* and *Garcia* for the proposition that federal courts may issue U visa certifications "upon detecting the existence of a crime while hearing a factually-related civil matter." Mot. at 10–11. But one of the many problems with this argument is that *Villegas* and *Garcia* are dramatically unlike this action, in which Petitioner is essentially arguing that the federal government's *entire policy* concerning detention under 8 U.S.C. § 1231(a)(6) is criminal. *See* Mot. at 4–5, 14–15. Petitioner cites no case in which a court found that the grant of a habeas

6

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion for U visa certification.

**IT IS SO ORDERED.**

Dated: 5/6/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

petition transformed generally-applicable government policies regarding detention into criminal acts. Moreover, contrary to Petitioner's suggestion otherwise, the Court's April 19 Order did not find that Petitioner was entitled to immediate release from custody, but rather that he was entitled to a bond hearing to determine whether he was a flight risk or a danger to the community. April 19 Order at 7; *see Diouf II*, 634 F.3d at 1092–93, n.13 (non-citizen detained under 8 U.S.C. § 1231(a)(6) beyond presumptively-reasonable six month period is entitled to a bond hearing when removal is not imminent). Accordingly, the Court finds that no authority, including *Villegas* and *Garcia*, supports Petitioner's argument here.